CALVIN A. WARREN, appellant, v. AMOS W. HARRIS, appellee.

*Appeal from Adams.*

A. made a verbal contract with B., in February, to do the carpenter's work on a house about to be erected by B. No particular time was specified for the commencement or completion of the work, further than that it should be commenced as soon as practicable the next summer; nor was any time fixed by the contract as to when A. was to be paid, except that B. was, as soon as was convenient, to convey to A. a tract of land for $300, in part payment, and the balance was to become due on the completion of the work. A. filed his petition for a mechanic's lien, in which the contract was set out substantially, and the performance of a certain amount of work was averred; but the petition contained no averment that A. had completed the work to be done on the house: *Held,* that the petition was substantially defective, and would have been clearly bad on demurrer, but that the defect was cured by the verdict.

Where statements in pleading are imperfect and insufficient, but are of such a character as to lead the Court to believe, that all must have been proved on the trial, which should have been stated in the pleading to have justified the jury in finding a verdict for the plaintiff, the defective pleading is aided by intendment after verdict, and the Court may render a judgment.

PETITION for a mechanic's lien, filed by the appellee against the appellant in the Adams Circuit Court, and heard at the October term 1844, before the Hon. Jesse B. Thomas and a jury.

The petition states, that in February, 1844, Harris and Warren made a parol agreement, by which Harris agreed to do the carpenter's work for Warren, on a house to be by him erected on a lot in Quincy, and that he was to be paid fifty per cent. as charged upon the Cincinnati book of prices for the performance of the said work; that no particular time was specified for the commencement or completion of the work, but that it should be commenced as soon as practicable the next summer; nor was any time fixed by the contract as to when Harris should be paid, except that Warren was, as soon as convenient, to convey to Harris a tract of land for $300 in part payment for said work, and that the balance of said work not paid for by said lot, was to become due upon the completion of said work.

The petition further states, that Harris commenced said work on the terms agreed on, in March, 1844, and "performed a large amount of labor" upon said house, amounting to $625 $\frac{75}{100}$ according to a bill of particulars filed as an Exhibit with said petition, and that he completed the services and labor in said bill of particulars mentioned in July, 1844; that Warren had before that time conveyed to him the lot mentioned as aforesaid, and that $625 $\frac{75}{100}$ then became due, and had never been paid, and prays for a mechanic's lien, &c.

The jury returned a verdict in favor of Harris for $222·60, whereon judgment in the usual form was rendered.

*O. H. Browning & N. Bushnell*, for the appellant.

The petition shows, that the petitioner was to do all the carpenter's work on Warren's house; that to the extent of $300 he might be paid before the work was completed, but that as to the balance he was to be paid only on the full completion of the work. The suit is brought upon this contract, and for this alleged balance.

But the petition only shows, that, by the middle of July, the petitioner had performed work on Warren's house mentioned in a bill of particulars and of the value of $625 $\frac{75}{100}$; but the petition does not allege that he had completed all of the work to be done upon the house at that or at any other time before suit brought.

Upon the subject of the completion of the work, the petition is wholly silent.

The completion of the work was a condition precedent, to be performed by the petitioner before he was entitled to his pay, and he should have averred in his petition, performance or an excuse of non-performance. *Taylor* v. *Bullen*, 6 Cow. 624; *Porter* v. *Rose*, 12 Johns. 209; *McIntyre* v. *Clark*, 7 Wend. 330; *Morton* v. *Lamb*, 7 T. R. 125; 1 Saund. 320 *d*, note 3, and page 352 *b*.

*G. C. Dixon*, for the appellee.

In all cases where the general allegations in the declaration, or other pleading are such as to require proof of any

Warren v. Harris.

particular fact which is not improperly stated, in order to entitle the plaintiff to a verdict, it will be intended after a verdict for him, that such fact was duly proved, and the defect in the particular pleading will be aided. 1 Chitty's Pl. 719, 712, 715, Edit. of 1833; *Hamilton* v. *Cook Co.* 4 Scam. 519; *Reed* v. *Phillips*, Ib. 39; *Greathouse* v. *Robinson*, 3 do. 7.

The Opinion of the Court wes delivered by

CATON, J. * Harris filed his petition to enforce a mechanics' lien, in which he averred that he made a contract with Warren to build him a house, setting forth the terms of the contract, The petition avers, that, in pursuance of the said contract, Harris commenced on said house, "and performed a large amount of labor upon the same, to wit, to the amount of six hundred and twenty dollars and seventy five cents, as will appear from a certain schedule annexed hereto, and marked 'Exhibit A.,' and prayed to be taken as a part of this petition, which labor was performed in the erection of the before mentioned building on the premises aforesaid, and that your petitioner completed the performance of the said services and labor on or about the middle of July, 1844, at which time all amounts which remained unpaid for said labor became due and payable from said Warren to your petitioner." The cause was regularly put at issue and tried by a jury, who found a verdict for the petitioner for two hundred and twenty two dollars and sixty cents. A motion was made for a new trial and overruled, and exceptions taken, and the case is brought here by appeal. The only question made here is, that the petition is insufficient in not averring that the petitioner had completed the carpenters and joiners' work on the house as he had agreed. In this respect the petition is undoubtedly substantially defective, but we are of opinion that that defect was cured by the verdict. Where the statements in the pleading, although imperfect and insufficient in

---

*WILSON C. J., did not sit in this case.

themselves, yet are of such a character as to force upon the mind of the Court the conclusion that all must have been proved on the trial, which should have been stated in the pleading to have made it sufficient, before the jury would have been induced to have rendered a verdict for the plaintiff, there the defective pleading is aided by intendment after verdict, and the Court may render judgment.   In 1 Chitty's Pleading, 712, the author, in speaking on this subject, says: "The general principle upon which it depends appears to be, that where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the Judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict."   The matter which is insufficiently or defectively set out, and which is to be implied by the verdict, must not be inconsistent with the defective pleading, but may consistently therewith be reasonably and fairly intended.   It is in order to support the verdict that this intendment is made in favor of the pleading.   The substance of this doctrine is, that a verdict will aid a defective statement of a title, right or cause of action, but cannot make good a defective right or cause of action.   This implication is never raised except where a verdict has been rendered, and can never come to the relief of defective pleading where judgment is taken by default.

These principles are stated, it is true, in very general terms, and necessarily so; for from the nature of the subject, it is impossible to lay down rules which will be so specific and clear, as to leave no difficulty in applying them to each particular case as it may arise, and hence, it is necessary, generally, to look into the cases on the subject, to understand properly their application.   Upon doing this with some care, we find many where pleadings, in our opinion, much more de-

fective than in the principal case, have been held to have been aided by verdict, but we do not think it necessary to extend this Opinion by giving a particular account of them.

Here the petitioner alleges that petitioner agreed to do the carpenters and joiners' work on a particular house; that in pursuance of such agreement, he did a large amount of work as set forth in an Exhibit; which labor was performed in the erection of said house, and that he completed the performance of said services and labor on, &c. It is true, in this he has not expressly averred, that in doing said work he had completed the carpenters and joiners' work on said house; yet in finding that he had completed the work on the house, the jury have found nothing inconsistent with the statement in the petition, and such completion must have been proved to have enabled the jury to have found for the petitioner, for no matter how much work he had done on the house, until he had completed it, nothing could be recovered in this form of action. Nor are we left to conjecture on this subject, for the bill of exceptions shows, that at the instance of the defendant, the Court instructed the jury, that unless the petitioner had proved that he had completed the work on said house according to his agreement, they should find a verdict for the defendant. But independent of the inferences drawn from this instruction in connection with the verdict, we think it is clear that we should intend from the pleadings and verdict, that it was proved to the jury that the work was completed and that the Court would have instructed them to find for the defendant, without such proof. The petition would have been clearly bad on demurrer, but it was cured by the verdict, and the judgment must be affirmed with the costs.

*Judgment affirmed.*